UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MCFARLAND, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-14-0112 |
| vs. | : | |
| | : | (Judge Caldwell) |
| J.F. CARAWAY, | : | |
| | : | |
| Respondent | | |

*M E M O R A N D U M*

I.  *Introduction*

David McFarland, an inmate at the federal correctional institution in Otisville, New York, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction in the United States District Court for the District of Oregon for using a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A).[1]  Petitioner pled guilty to this offense as part of what might be called a "global settlement" of various charges against him in different federal district courts.

Because the sentencing court determined that Petitioner had brandished the firearm, under 18 U.S.C. § 924(c)(1)(A)(ii), the sentence imposed on that offense was eighty-four months (seven years), to be served, as required by the statute, consecutively to the sentences imposed on Petitioner's other offenses.  McFarland was sentenced on the other offenses to concurrent terms of imprisonment of 178 months, making his total period of incarceration 262 months.

---

[1] The petition was filed in the United States District Court for the Southern District of Indiana but was transferred here on Petitioner's motion after he was transferred to the United States Penitentiary in Allenwood, Pennsylvania.

In his petition, McFarland makes the following claims.  First, his Fifth Amendment rights were violated because he was indicted for using and carrying a firearm but was convicted of the more serious crime of brandishing the firearm.[2]  Second, the indictment violated Fed. R. Crim. P. 7 because it did not allege that Petitioner had violated section 924(c)(1)(A)(ii) by brandishing the firearm.  (Doc. 1, ECF pp. 3-4).  In his traverse, Petitioner asserts that the failure to allege the brandishing language in the indictment violated the Sixth Amendment by failing to inform him of the nature of the charge.  (Doc. 23, ECF pp. 5-6).

McFarland has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.  His § 2241 petition will therefore be dismissed  for lack of jurisdiction.

II. *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court.  *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence").  The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  "A § 2255 motion is inadequate or ineffective only where the petitioner

---

[2] Under section 924(c)(1)(A)(i), using and carrying a firearm results in a five-year consecutive sentence.

demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(nonprecedential).

   Here, Petitioner's grounds for relief represent challenges to his conviction and sentence on the section 924(c)(1)(A) offense. He therefore cannot file a 2241 petition unless section 2255 is inadequate or ineffective.

   In his 2241 petition, McFarland argues that a section 2255 motion is inadequate or ineffective for the following reasons. First, a 2255 motion would be barred by the one-year statute of limitations for filing such a motion under 28 U.S.C. § 2255(f). As noted above, however, section 2255 is not inadequate or ineffective just because the statute of limitations has expired. *See also Muller v. Sauers*, 523 F. App'x 110, 111-12 (3d Cir. 2013)(nonprecedential). Second, as part of his agreement to plead guilty, Petitioner

waived his appeal rights. We note that he also waived his right to seek postconviction relief.[3] However, such waivers do not render section 2255 inadequate or ineffective. *Id.* at 112 (waiver of any right to pursue postconviction proceedings did not render section 2255 inadequate or ineffective).[4] Third, Petitioner is actually innocent of the crime of conviction, based on the claims set forth in his 2241 petition. This type of "innocence" does not entitle Petitioner to invoke section 2241. As noted above, section 2241 would apply in a situation where a prisoner had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. Petitioner does not allege his conviction is based on conduct no longer considered criminal, only that the indictment failed to allege the facts upon which his conviction was based.

Since Petitioner is raising claims that are cognizable in a section 2255 motion, an alternative to dismissal would be to transfer the petition to the District of Oregon under 28 U.S.C. § 1631. We decline to do so because, as Petitioner himself acknowledges, a section 2255 motion filed now would be time-barred. Further, the limitations period had already run by the time he filed the instant 2241 petition. *See Casado v. Morris,* 1998 WL 665378, at *2 (D.N.J.)(noting that some 2241 petitions should be transferred to the sentencing court but deciding not to do so when the statute of

---

[3] The plea agreement is set forth in a letter prepared by the Assistant United States Attorney. See Doc. 1-3, ECF pp. 8-14. In the agreement, Petitioner waived his right to appeal except on grounds not pertinent here. *Id.*, ECF p. 13. He also waived his "right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." *Id.*

[4] As here, the petitioner in *Muller* did not question the validity of the waiver. Even if McFarland wanted to do so, that issue would still be have to be presented by way of section 2255 proceedings. *McKenney v. Williamson*, No. 07-CV-594, 2008 WL 376291, at *2 (M.D. Pa. Feb. 11, 2008)(Caldwell, J.).

limitations on a 2255 motion had already run before the 2241 petition had been filed).

In pertinent part, the one-year limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner was sentenced, at the latest, on September 21, 2011, the date an amended judgment of sentence was entered. *United States v. McFarland*, No. 09-CR-60068, Doc. 20 (D. Or.).[5] Petitioner would have had fourteen days to take a direct appeal or until October 5, 2011. *See* Fed. R. App. P. 4(b)(1). Petitioner did not take a direct appeal, so judgment became final on the latter date. Hence, Petitioner had until October 5, 2012, to file a 2255 motion. The instant 2241 petition was filed in the Southern District of Indiana on October 21, 2013, (Doc. 1, ECF p. 1), well beyond the expiration of the statutory period. Further, we observe that Petitioner did in fact file a 2255 motion in the sentencing court, one that was counseled, on March 10, 2014, *United States v. McFarland*, No. 09-CR-60068, Doc. 36 (D. Or.). although that motion was dismissed on October 17, 2014, on Petitioner's own motion. In these circumstances, we will not transfer the 2241 petition to the sentencing court.

We will issue an order dismissing the petition for lack of jurisdiction. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 23, 2014

---

[5] The original judgment of sentence was entered on the docket on June 4, 2010.

-5-